UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL CAMPBELL,

                Plaintiff,

-against-

DR. KAMRUL A. KHAN; ANN MARIE T. SULLIVAN, Commissioner of NYS Office of Mental Health; DR. JEAN LIU; DR. BEAL; DANIELLE DILL; Acting Executive Director Psy D; MATTHEW SYLVESTER, Director, Forensic Inpatient Risk Management; BRENDA MARIE CARNEY, FNP; JAMIE GRIFFIN, Risk Management Specialist; ALYSSA MOSKAL, CNYPC Director of Inpatient Risk Management; CHRISTOPHER TAVELLA, Ph.D, Executive Deputy Commissioner,

                Defendants.

21-CV-6696 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, currently detained in the Rockland Psychiatric Center, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights during his incarceration in the Central New York Psychiatric Center.[1] For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

    Under 28 U.S.C. § 1391(b), a civil action may be brought in

> a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

---

[1] Plaintiff was incarcerated in Green Haven Correctional Facility when he filed this complaint.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that during his detention in the Central New York Psychiatric Center (CNYPC), he was prescribed a "dangerous drug" called "Risperdal/Risperdone," although the medication was not "court ordered, rendering it cruelly experimental at the hands of each named Defendant." (ECF 2 ¶ IV.) The named defendants are CNYPC staff in Marcy, New York, and officials with the New York State Office of Mental Health (OMH), located in Albany, New York. Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in CNYPC in Marcy, New York, which is located in Oneida County in the Northern District of New York. *See* 28 U.S.C. § 112(a). The OMH defendants are in Albany County, which is also located in the Northern District of New York. Accordingly, venue lies in the Northern District of New York, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Northern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York.[2] A summons shall not issue from this Court. This order closes this case.

---

[2] By order dated September 7, 2021, the Court granted Plaintiff leave to proceed *in forma pauperis*.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 9, 2021
       New York, New York

/s/ Laura Taylor Swain
Laura Taylor Swain
Chief United States District Judge